UNITED STATES v. HYDE et al.

(Circuit Court D. Nevada.  May 7, 1906.)

No. 825.

EQUITY—EXCEPTIONS TO BILL—IMPERTINENCE.

Exceptions to a bill by the United States to recover lands of which plaintiff was alleged to have been defrauded, on the broad ground that the substance of the matters alleged was impertinent, considered and overruled.

In Equity.  On exceptions to bill.

Samuel Platt, U. S. Atty.

Campbell, Metson & Campbell and James A. Mackenzie, for defendant John A. Benson.

HAWLEY, District Judge (orally).  This is a suit in equity to obtain a decree adjudging the defendants guilty of having defrauded plaintiff of certain lands in the state of Nevada; that the patents issued to them for such lands be declared void, etc.  The bill of complaint is very lengthy and contains 17 distinct averments.  To this complaint 27 specific exceptions have been filed by the defendant Benson for impertinence:

"For that the whole of the matter contained in each of the passages of said bill of complaint referred to in the following respective exceptions is impertinent, and has and can have no bearing on any of the issues involved or which may be involved in said suit."

From this brief statement it will readily be observed that to formulate an opinion which would make the questions involved clear would require an extended synopsis of the averments contained in the bill and a specific statement of the various exceptions taken thereto.  I do not deem it necessary to enter into a discussion of the various questions discussed by the respective counsel.  The contention of defendant is based largely upon the views expressed by Judge Lacombe, in Re Benson (C. C.) 131 Fed. 968, while the government relies upon the opinion of Judge De Haven, in United States v. Hyde (D. C.) 132 Fed. 545, and the decision in Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. ——.  Those were criminal cases, while the present one is a civil suit.  They give, however, a clear outline of the general facts upon which the present case is based, and many of the principles of law therein discussed are applicable to the present case.  After the decision in 132 Fed., supra, the defendants Hyde and Dimond applied to Judge Morrow upon a writ of habeas corpus for their discharge.  This was denied, and they appealed the case to the Supreme Court, and Judge Morrow's order was there sustained; three of the Justices dissenting.  Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. ——.

In the light of the principles announced in these authorities, it seems only necessary for me to say that I have carefully read the bill of complaint and considered in detail the exceptions taken thereto, the distinctions existing between criminal cases by indictment and

civil suits of the present character, and my conclusion is that the proper course to pursue is to overrule the exceptions in toto. In so doing I deem it proper to state that the general criticism of Judge Lacombe as to the language used in the indictment in the case before him is not applicable to the averments in the bill of complaint. This is a civil, not a criminal, case. The bill of complaint seems to have been carefully drawn. Absolute perfection in pleadings is not often obtained, and there may be some averments in the bill that might perhaps have been more clearly stated, and some sentences might with propriety have been left out, but this character of criticism could be urged in all cases. Courts should deal with the substance, not the mere form of language used in a pleading. The exceptions are based on the broad ground that the matter—that is, the substance—of the paragraphs in the bill to which they are directed "is impertinent, and has and can have no bearing on any of the issues involved or which may be involved in this suit." If, therefore, the matter which is of substance does have a legal bearing on the case that would render it admissible as evidence on the trial, the exceptions should be overruled, and in consideration of this question the court is compelled to view the entire case. The charges alleged against the defendants are many in number and cover a wide field as to the manner and course pursued by them, and the transactions had with them by many individuals. At first blush some of these matters might appear irrelevant, but the mind of the court must keep pace with the broad ground covered, and if it can see any relevancy or pertinency of particular averments which shed light upon the conduct and acts of the defendants—which is the vital point to be reached—it should not sustain the exceptions.

I am of opinion that the matters alleged in the bill of complaint, to which the exceptions are directed, are germane to the issues that may be involved in this suit.

Exceptions overruled.